## WOODS v. CAROL MANAGEMENT CORPORATION et al.

District Court, S. D. New York.
Feb. 3, 1948.

Sylvan D. Freeman, of New York City, for plaintiff.

Dreyer and Traub, of Brooklyn, N. Y. for defendants Regency Park, Inc., Berkely Hall, Inc., Alfred Kaskel and David Kaskel.

BRIGHT, District Judge.

Plaintiff seeks a mandatory injunction directing and restraining defendants from interfering with plaintiff and his agents in conducting inspections and investigations in the apartment houses owned and operated by defendant in Queens County, New York, and further directing that defendants permit plaintiff and his agents ingress along the common public passages of said houses to the apartments of the various tenants located therein, as plaintiff may from time to time require in the making of inspections and the conducting of investigations.

By cross-motion all of the defendants, except Carol Management Corporation, have moved to dismiss on the ground that they are not residents of this district.

The complaint invokes the jurisdiction of the court conferred by sections 204(a) and 206(b) of the Housing and Rent Act of 1947, Public Law 129, 80th Congress, 50 U.S.C.A.Appendix § 1894(a), 1896(b), and sections 1(b) and 205(a), (c) and (e) of the Emergency Price Control Act of 1942 as amended, Title 50 U.S.C.A.Appendix, § 901 et seq. It alleges that "in plaintiff's judgment, defendants have engaged in or are about to engage in acts and practices * * * which constitute or will consti-

tute a violation of section 206(a) of the '1947 Act' and/or of section 4(a) of the '1942 Act'"; that maximum rents have been established for the dwellings mentioned, that, by regulation, any person who rents or offers for rent housing accommodations, and any tenant, shall permit inspection of the accommodations; that plaintiff's agents and representatives, directed by plaintiff to conduct such investigations, have been hindered and prevented by defendants from conducting the same by their refusal to permit plaintiff and his agents from entering and passing through the common public passageways leading to the various apartments for the purpose of conducting the official inspections and investigations aforesaid.

The only remedy asked for in the complaint is the injunction mentioned. There is no charge either in the complaint, or proof in the moving affidavits, that defendants have charged or received rents in excess of the maximum prescribed by any regulation. The only evidence upon which injunctive relief is asked for is that numerous complaints have been received by plaintiff's office from tenants occupying apartments within the premises described relating "to various and serious violations of the federal statutes and regulations relating to controlled housing accommodations", included in which complaints "were charges that the defendants had demanded and received rent in excess of the maximum permitted by law. Such violations occurred prior and subsequent to July 1, 1947 and are still continuing by and upon an express defiance by the defendants of the aforesaid laws and regulations". This portion of the affidavit is made by a "rent litigation attorney" in the plaintiff's office, apparently not from personal knowledge but only from whatever documents may be on file. The remaining proof is by one of plaintiff's investigators who avers that he was ordered by his supervisor to conduct an investigation by defendants, that on November 19, 1947, he visited an apartment house located upon the premises, was advised by the superintendent that no one from the plaintiff's office could enter the premises unless written permission was obtained from David Kaskel, one of the

defendants, was ordered to leave the building, and after visiting the office of the defendant Carol Management Corporation at 12 East 48th Street, New York City, on November 21, 1947, was refused such permission.

No proof is offered that any of the tenants have requested interviews with plaintiff's investigators at their apartments, or that any attempt has been made to interview such tenants other than at their apartments. It is also shown without dispute that defendants, so long ago as October, 1947, after plaintiff's investigators had been upon the premises, offered to permit plaintiff to examine defendants' books and records at any time, and that if there was anything additional defendants could do to co-operate with plaintiff's investigation defendants would do so; and was told by a representative of plaintiff nothing was needed at the moment.

█ There is an obligation on the landlord to see that its tenants have quiet and peaceable possession of their apartments, and to be reasonably protected from annoyances by strangers to the property. It is intimated by the opposing papers that some of the tenants have complained of being annoyed, and even threatened, by investigators of plaintiff who were in the property in October, 1947. Certainly the investigators were neither invitees nor licensees on the property, and unless they were they had no right there, even in the passageways used in common by the tenants and the owner. I do not understand that there is any law which makes common passageways in a multiple dwelling public highways, accessible and usable by everybody.

There is nothing to show that plaintiff cannot proceed in the usual way to investigate whether defendants are violating the law, or that he has even attempted to do so. On the contrary, the evidence is otherwise.

I cannot believe that Congress intended that the investigatory powers reposed in plaintiff by the two laws mentioned should be carried to the extreme now asserted; to permit, without any showing of a violation, the invasion of private rights in private property as here sought. Certainly he is not so authorized specifically by section 204(a) or (d) of the Act of 1947 so to do, or by section 206 of that Act in the absence of proof of the solicitation, demand or receipt of rent in excess of that prescribed as maximum.

The injunction here sought is not to restrain the demand for or acceptance of excessive rents. As I see it, the relief sought is to authorize a trespass on private real property, justified neither by evidence or violation of the law, by invitation, by license, or by necessity.

The motion for injunction is denied.

The defendants' motion must also be denied.

█ It appears without dispute that the individual defendants are the sole stockholders of the corporate defendants, and that David Kaskel is the vice president of Carol Management Corporation, the managing agent of the real property in question, which has its office at 12 East 48th Street, in New York City. The defendants Regency Park, Inc., and Berkely Hall, Inc., are domestic corporations, whose principal places of business are in Kew Gardens, Queens, New York, in the Eastern District of New York. The defendant Alfred Kaskel resides at Sea Gate, Brooklyn, New York, and David Kaskel at Forest Hills, New York, both of which places are within the Eastern District aforesaid.

Inasmuch as Carol Management Corporation resides in the Southern District, this motion cannot be granted. Under section 113 of Title 28, U.S.C.A. where "there are two or more defendants, residing in different districts of the State, it (the suit, not of a local nature) may be brought in either district."

Notwithstanding this, it is not plain to me why this action was not brought in the Eastern District, where the property is located, where the owners live, where the investigation was attempted to be made, and where there is a Brooklyn Area Rent Office of the plaintiff, out of which the investigator who made affidavit on this motion was sent.

Submit order on notice.